**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | No. 2:14-cr-00223-DCN-2 |
| vs.   ) | |
| ) | **ORDER** |
| LEONARD RILEY III,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

This matter is before the court on defendant Leonard Riley III's ("Mr. Riley") motion in limine to exclude the testimony of his alleged co-conspirator Ryan Bonneau ("Mr. Bonneau"). For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

On April 9, 2014, an indictment was issued charging Mr. Riley with conspiracy to commit armed bank robbery, armed bank robbery, and the use, carrying, or possession of a firearm during the commission of a crime of violence. ECF No. 35. On January 8, 2015, a guilty plea was entered on behalf of Mr. Bonneau, Mr. Riley's alleged co-conspirator. On Friday, January 23, Mr. Riley filed a motion in limine seeking to exclude certain testimony of Mr. Bonneau pursuant to Federal Rules of Evidence 403 and 404(b). Specifically, Mr. Riley asks the court to exclude Mr. Bonneau's testimony of Mr. Riley's prior bad acts, namely that (1) he began discussing robberies with Mr. Bonneau in 2013 and robbed a liquor store with Mr. Bonneau in December of 2013; (2) around February 4, 2014, Mr. Riley and Mr. Bonneau robbed a First Federal Bank in Charleston using a stolen Cadillac as a get-away car; and (3) around February 12, 2014, Mr. Riley and Mr. Bonneau robbed the Anderson Brothers bank in Georgetown, South Carolina using the same Cadillac. The court heard oral arguments regarding the motion in limine on

1

January 26, 2015, before trial began. The court denied the motion and files this order to supplement its ruling.

## II.  STANDARD

Federal Rule of Evidence 403 allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fourth Circuit has

> held that evidence can be excluded for "prejudice," as used in Rule 403, only when the trial judge believes "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence.

Westfield Ins. Co. v. Harris, 134 F.3d 608, 613 (4th Cir. 1998) (quoting Morgan v. Foretich, 846 F.2d 941, 945 (4th Cir. 1988)); United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006). When "the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (affirming district court's ruling that testimony regarding the defendant's sexual misconduct was admissible where he was tried and convicted of filing false tax returns, mail fraud, and other similar offenses); see also United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998) ("It is worth remembering that the touchstone for excluding evidence under Rule 403 is not prejudice, but 'unfair' prejudice. Moreover, unfair prejudice must 'substantially' outweigh the probative value of the evidence.").

Federal Rule of Evidence 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a

particular occasion the person acted in accordance with that character." There are exceptions under Rule 404(b)(2), however, that provide that such evidence may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." A district court's admission of evidence is reviewed under an abuse of discretion standard and "[a] district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002) (citing United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990)).

### III.   DISCUSSION

Mr. Riley asks the court to exclude certain testimony of his alleged co-conspirator, Mr. Bonneau, arguing that his testimony is unreliable, irrelevant, and unfairly prejudicial. In United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997), the Fourth Circuit clarified the relationship between Rule 403 and 404(b). The court stated:

> [E]vidence of prior acts becomes admissible under Rules 404(b) and 403 if it meets the following criteria: (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact finding process.

The evidence at issue here is admissible under Rule 404(b)(2) for a purpose other than to prove bad character—namely to prove motive, intent, common scheme or plan, opportunity, absence of mistake, or identity. As to the first factor outlined in Queen, Mr. Bonneau's testimony is relevant to the elements

3

of the conspiracy charge.  Specifically, the evidence is relevant and necessary to whether Mr. Riley knowingly and willfully entered into an agreement with Mr. Bonneau to commit bank robbery and whether an overt act in furtherance of the objective of the agreement was committed as required to prove conspiracy.  Mr. Riley conceded that "[the bad acts] may meet the relevance factor."  Def.'s Mot. 3.  Additionally, Mr. Riley's argument that the evidence is unreliable is unpersuasive because Mr. Riley may impeach Mr. Bonneau and cross-examine Mr. Bonneau regarding his interest in testifying and any inconsistencies in his previous statements.  Mr. Riley next argues that the evidence is unfairly prejudicial.  While the testimony is potentially prejudicial, its probative value is not <u>substantially</u> outweighed by the risk of unfair prejudice.

  Above all, "[e]vidence of uncharged conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial." <u>United States v. Siegel</u>, 536 F.3d 306, 316 (4th Cir. 2008) (quoting <u>United States v. Kennedy</u>, 32 F.3d 876, 885 (4th Cir. 1994)).  The testimony at issue can be considered necessary to complete the story of the crime on trial, namely the conspiracy charge, as part of the same series of transactions.  The indictment charges Mr. Riley with conspiracy to commit bank robbery beginning on or around February of 2014, the same time as all but one of the events to which Mr. Bonneau may testify.  Therefore, Rule 404(b) would not apply to the extent the evidence is necessary to complete the story of the conspiracy at issue in this trial.

## IV.  CONCLUSION

For the reasons set forth above, defendant's motion in limine is **DENIED**.

**AND IT IS SO ORDERED**.

                                                         _____
                                                         **DAVID C. NORTON**
                                                         **UNITED STATES DISTRICT JUDGE**

**January 27, 2015**
**Charleston, South Carolina**

5