# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:14-cr-00223-DCN-2 |
| vs. ) | |
| ) | **ORDER** |
| LEONARD RILEY III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Leonard Riley III's ("Mr. Riley") motion to strike the petit jury pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).

## I.  BACKGROUND

On January 13, 2015, a jury consisting of 12 jurors and 2 alternate jurors was selected from a venire of over 100 prospective jurors. During the selection process, the government used only four of its six preemptory strikes. All four jurors struck by the government were black. The selected jury consisted of 10 whites, 2 blacks, and 2 white alternate jurors. After the jury was selected, Mr. Riley made a Batson challenge to the impaneled jury. Following jury selection, Assistant United States Attorney Emmanuel Ferguson notified the court that he recognized one of the jurors from a previous meeting. The parties agreed to strike the juror, one of the two black jurors on the jury panel. Thus, the jury panel now consists of 11 white jurors, 1 black juror, and 1 alternate white juror.

The court permitted Mr. Riley to submit a formal motion with additional arguments in support of his Batson motion to the court. Mr. Riley filed a formal Batson motion on January 23, 2015. The government responded the following day. The court heard oral arguments on Mr. Riley's motion on January 26, 2015, prior to swearing in the

1

jury. The court denied defendant's motion following oral arguments and supplements its ruling as set forth below.

## II.   STANDARD

To establish a Batson violation, the defendant must first establish a prima facie case of discrimination "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." United States v. Barnette, 644 F.3d 192, 203 (4th Cir. 2011) (internal citation omitted). The defendant must establish a prima facie case by following a three-part test:

> (1) the defendant is a member of a distinct racial group; (2) the prosecutor has used the challenges to remove from the venire members of the defendant's race; and (3) other facts and circumstances surrounding the proceeding raise an inference that the prosecutor discriminated in his other selection of the jury pool.

Id. (citing United States v. Barnette (Barnette II), 390 F.3d 775, 794 (4th Cir. 2004) cert. granted, judgment vacated, 546 U.S. 803 (2005)). Once the defendant establishes a prima facie case of discrimination, the burden of proof shifts to the prosecutor to "provide a non-discriminatory reason for the government's use of the peremptory challenge." Id. at 203–04 (citing Barnette II, 390 F.3d at 794). After the prosecution provides race-neutral justifications for the strikes, the court must determine "whether the defendant has proved intentional discrimination," in light of "all of the circumstances that bear upon the issue of racial animosity." Id. at 204 (citing Miller-El v. Dretke, 545 U.S. 231, 252 (2005); Johnson v. California, 545 U.S. 162, 168 (2005)).

## III.   DISCUSSION

Mr. Riley has failed to establish a prima facie case of discrimination because the facts and circumstances surrounding the proceeding do not raise an inference that the

government discriminated in its selection of the jury pool.  Specifically, the government did not strike all potential jurors of Mr. Riley's race because two black jurors were chosen to serve on the jury panel.  Further, the government exercised only four of six possible peremptory strikes.  Thus, Mr. Riley has failed to meet his burden of proving an inference of discriminatory purpose based on the relevant facts and circumstances.

Even if the court were to find that Mr. Riley successfully established a prima facie case of discrimination, the government provided race-neutral reasons for striking each juror.  Specifically, the government provided the following non-discriminatory reasons for striking the four jurors in question:  (1) Juror 90 has a son who was federally prosecuted; (2) Juror 270 was a minister, a profession which the government considers forgiving; (3) Juror 262's spouse is a member of the International Longshoremen's Association, an organization Mr. Riley belongs to and whose president is Mr. Riley's uncle; and (4) Juror 6 had two teenage sons and was very religious, characteristics which the government felt would tend to make the juror sympathetic to Mr. Riley.  There was no evidence that the government failed to strike any white juror with a similar background.

The court finds that the prosecutor has sufficiently "articulated a neutral explanation related to the particular case to be tried" for each of the peremptory strikes in question to overcome Mr. Riley's Batson challenge.  Batson v. Kentucky, 476 U.S. 79, 98 (1986); see also United States v. De la Rosa, 911 F.2d 985, 990–91 (5th Cir. 1990) (upholding a prosecutor's exercise of a peremptory challenge after citing race-neutral reason of church affiliation and potential forgiving nature); United States v. DeJesus, 347 F.3d 500, 506–07 (3d Cir. 2003) (finding government's explanation for peremptory strike

of "juror's strong religious beliefs [that] would prevent him from rendering judgment" sufficient to overcome Batson challenge).

### IV.   CONCLUSION

For the reasons articulated above, the court **DENIES** defendant's motion to strike the petit jury in the above-referenced matter pursuant to Batson.

**AND IT IS SO ORDERED**.

						_____
						**DAVID C. NORTON**
						**UNITED STATES DISTRICT JUDGE**

**January 27, 2015**
**Charleston, South Carolina**

4